In re Arturo and Maria
MUINA, Debtors.

Arturo and Maria MUINA, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Bankruptcy No. 86–03303–BKC–SMW.
Adv. No. 87–0028–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

June 26, 1987.

Michael A. Frank, North Bay Village, Fla., for debtors.

Joy L. Pritts, Washington, D.C., for IRS.

Robert Roth, Miami, Fla., Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on before the Court upon submission of Memorandum of both parties on Count I of the Complaint of ARTURO and MARIA MUINA'S Objection to the Validity and Priority of the Claims of the Internal Revenue Service and the Court having considered the Briefs submitted by counsel, and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law:

Pending before the Court is an Adversary Proceeding filed in these Chapter 13 proceedings wherein the Debtors contend that certain unsecured tax claims of the United States should be treated as general unsecured claims and not as priority claims pursuant to 11 USC § 507(a)(7). The United States contends that 11 USC § 507(a)(7)(A)(iii) provides that these claims are a priority. The facts are as follows and not in dispute.

The Tax Court of the United States in its decision of June 10, 1987, has found that there is a deficiency in the Debtors income tax for the year 1981 in the amount of $18,712.00 and additionally the Debtors are liable for a fraud penalty in the amount of $9,356.00.

The parties agree that the taxes in question were not assessed before, but assessable after the commencement of the Chapter 13 case.

The Debtors contend that although the Defendant is relying upon 11 U.S.C. § 507(a)(7)(A)(iii) for its priority claim, its language specifically excludes certain taxes from priority status namely, a tax of a kind specified in Section 523(a)(1)(C).

This provision of Section 523 of the Bankruptcy Code provides:

"(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt

(1) for a tax or customs duty—

\* \* \* \* \* \*

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax."

Based upon the foregoing and there being no dispute that the Debtors filed a fraudulent 1981 tax return, the Court finds that the taxes owed by the Debtor for the tax year 1981, are not entitled to priority pursuant to 11 U.S.C. § 507(a)(7)(A)(iii) as this section specifically excludes any taxes of the kind specified in Section 523(a)(1)(C), wherein the Debtor has filed a fraudulent return. A separate Final Judgment of even date has been entered in conformity herewith.